10-3699-ag
Mudiyanselage v. Holder

BIA
Nelson, IJ
A088 527 734

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of November, two thousand eleven.

PRESENT:
>        JON O. NEWMAN,
>        ROBERT A. KATZMANN,
>        DENNY CHIN,
>            *Circuit Judges.*

_____

PIYATISSA HERATH MUDIYANSELAGE,
>        *Petitioner*,

>        v.                                          10-3699-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Benjamin B. Xue, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Lyle D. Jentzer, Senior
                       Litigation Counsel; Jeffrey L.
                       Menkin, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Piyatissa Herath Mudiyanselage, a native and citizen of Sri Lanka, seeks review of a August 17, 2010, order of the BIA, affirming the December 18, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Piyatissa Herath Mudiyanselage*, No. A088 527 734 (B.I.A. Aug. 17, 2010), *aff'g* No. A088 527 734 (Immig. Ct. N.Y. City Dec. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the

circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Herath Mudiyanselage not credible, the agency reasonably relied on inconsistencies in the record regarding the length and nature of his involvement with the United National Party ("UNP"), and his inconsistent testimony regarding his wife's English language abilities. The agency's reliance on the inconsistencies was reasonable under the REAL ID Act. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Moreover, the agency was not required to credit Herath Mudiyanselage's explanations that a letter he submitted described his family's involvement in the UNP "by mistake," and that he started supporting the UNP years before he became an official member, as, upon review of the record, these explanations would not necessarily be compelling to a reasonable fact-finder. *See Majidi v.*

3

*Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

   Having found Herath Mudiyanselage's testimony not credible, the agency reasonably noted that his failure to provide corroborative evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). In particular, the agency found that Herath Mudiyanselage failed to produce a UNP membership card and letters from his brothers and father corroborating his past persecution and fear of future persecution. While Herath Mudiyanselage submits that he was unaware of the need to produce corroborating letters, because, as the Government points out, he failed to raise this argument before the agency, we decline to address it in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Regardless, this argument is without merit. We have recognized that an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding. *See Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 633-34 (2d Cir. 2006); *cf*. *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (noting that

4

an IJ must follow these steps in denying a claim based solely on insufficient corroboration, as opposed to adverse credibility).  In light of the agency's reasonable adverse credibility finding, it did not err in denying Herath Mudiyanselage's applications for relief.  *See Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (holding that the agency need not analyze separately a withholding of removal claim based on the same facts as an applicant's asylum claim); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (same, with respect to CAT).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk